FORD MOTOR COMPANY
v.
UNITED STATES.
No. 231–56.

United States Court of Claims.
Dec. 4, 1957.

Clarence E. Dawson, Washington, D. C., for plaintiff. William T. Gossett, Alan L. Gornick, Dearborn, Mich., James A. Lee, Bay City, Mich., and Clifton S. Hall, Dearborn, Mich., were on the brief.

J. W. Hussey, Washington, D. C., with whom was Asst. Atty. Gen. Charles K. Rice, for defendant. James P. Garland, Washington, D. C., was on the brief.

Henry B. Weaver, Jr., Washington, D. C., for Philco Corp., amicus curiae; Thomas M. Cooley II, and Weaver & Glassie, Washington, D. C., were on the brief.

WHITAKER, Judge.

Plaintiff sues to recover excise taxes on amounts expended by it to discharge its obligation under its established policy and under its ninety-day warranty on automobiles sold by it to its dealers. Ninety days is the warranty period customary in the trade. We think its case is ruled by our decision in General Motors Corp., Frigidaire Division v. United States, Ct.Cl., 147 F.Supp. 739.

1. The distinction plaintiff seeks to draw, that in the General Motors case the sale was to the consumer whereas in the present case it was to the dealer, is without merit. In both cases the manufacturer gave to its purchaser, in one case, the consumer, and in the other, the dealer, a warranty that it was selling him a sound article; hence, sums spent to remedy any defect appearing in the warranty period were spent to make good the manufacturer's representation that the article sold was free of defects, and therefore the sums spent were not a readjustment of the sales price or a rebate or allowance.

In the General Motors case, supra, the seller made the necessary repairs; in the present case, the purchaser did so, and then was reimbursed by the manufacturer. In each case the expenditure by the manufacturer was for correcting a defect. It was not a readjustment of the sales price.

The sales price was for an article free of defects. The sums spent for correcting defects were to fulfill the seller's part of the bargain, to deliver a sound article.

It makes no difference that the defect appeared after the dealer had resold the article. Under his contract of resale, he was obligated to his purchaser to make good any defects appearing in a certain period, and the manufacturer was in turn liable to the dealer to make them good. The dealer, who was the purchaser from the manufacturer, neither lost anything nor gained anything on account of remedying the defects. Therefore, there could not have been a rebate or allowance to him.

2. Plaintiff devotes one paragraph of its brief to expenditures made to remedy defects discovered after the warranty period, in accordance with the seller's established policy as set forth in written communications from the seller to the purchaser. The character of these expenditures does not differ from the others. They were made in a liberal interpretation of the obligation of the seller to deliver a sound article, as an agreed extension of its obligation under the warranty. That the defect appeared after the warranty period, strictly construed, makes no difference. The expenditures were still made to give the purchaser what he had contracted to buy, and in accordance with the seller's policy of which the purchaser had been informed before the sale. After the expenditures were made, the contractor got no more than he had paid for, to wit, a sound article; he certainly did not get back any part of the purchase price.

Defendant's motion for judgment on the pleadings is granted, and plaintiff's petition is dismissed.

It is so ordered.

FAHY, Circuit Judge, sitting by designation, JONES, Chief Judge, and LITTLETON, Judge, concur.

MADDEN, Judge, concurs in the result.