CHRYSLER CORPORATION, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 14570.

United States Court of Appeals
Sixth Circuit.

March 6, 1962.

John J. Costello, New York City (Kelley, Drye, Newhall & Maginnes, New York City, on the brief; Brian T. O'Keefe, Detroit, Mich., also on docket), for appellant.

Harold S. Larsen, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Meyer Rothwacks, Philip R. Miller, Dept. of Justice, Washington, D. C., Lawrence Gubow, U. S. Atty., Detroit, Mich., on the brief), for appellee.

Before MILLER, Chief Judge, CECIL, Circuit Judge, and DARR, Senior District Judge.

PER CURIAM.

Appellant, Chrysler Corporation is engaged primarily in the manufacture and sale of automotive vehicles and equipment. Section 4061, Internal Revenue Code of 1954, 26 U.S.C.A. § 4061 provides for a manufacturer's excise tax on automobiles equivalent to a named percent "of the price for which so sold." During the period herein involved, appellant paid this tax based upon the sales price of such manufactured articles.

In connection with its sale of trucks and automobiles, appellant expressly warranted that such articles were free from any defect in material or workmanship for a certain period of time from the time of sale to its dealer's customer. Although the warranty provided that any defective part be returned to appellant with transportation charges prepaid, appellant did not adhere to this requirement, and as a matter of policy, it made adjustments with its dealers for materials and labor costs in connection with replacement of parts which proved defective in materials or workmanship within a limited period of time. In over ninety-five percent of the cases, it made cash payments or gave credit to its dealers and distributors in settlement of warranty claims, in excess of the cost incurred by such dealers or distributors in performing repair or parts replacement services for the retail customers.

Appellant contends that during the period of January 1, 1956 through December 31, 1956, in fulfillment of its express warranty and its policy obligations it paid or credited to its vendees the sum of $23,703,838.98, which constituted a readjustment to the price for which the vehicles were sold through "a bona fide discount, rebate, or allowance," within the meaning of Section 6416(b) (1), Internal Revenue Code of 1954, 26 U.S.C.A. § 6416(b) (1), with a resulting overpayment of the manufacturer's excise tax in the amount of $2,139,810.75. The present action was brought in the District Court for the recovery of such overpayment.

The District Judge sustained the Government's motion for summary judgment and dismissed the complaint.

In doing so, the District Judge was of the opinion that the amounts paid in fulfilling a warranty did not constitute a discount, rebate or allowance within the meaning of Section 6416(b) (1), Internal Revenue Code of 1954; that the sales price was for an article free of defects, and that the sums spent for correcting defects were to fulfill the seller's part of the bargain to deliver a sound article rather than a readjustment of the sales price. Chrysler Corporation v. United States, 190 F.Supp. 412, (E.D.Michigan).

The District Judge cited a number of cases in support of his ruling, placing particular reliance upon General Motors

Corp., Frigidaire Div. v. United States, 147 F.Supp. 739, 142 Ct.Cl. 878, and Ford Motor Co. v. United States, 156 F.Supp. 554, 140 Ct.Cl. 487, cert. denied, 358 U.S. 864, 79 S.Ct. 93, 3 L.Ed.2d 97. For the reasons given by the District Judge and on the basis of the authorities cited in his opinion, the judgment is affirmed.