**NATIONAL TREASURY EMPLOYEES UNION, et al., Appellants,**

v.

**INTERNAL REVENUE SERVICE.**

**No. 84–5548.**

United States Court of Appeals, District of Columbia Circuit.

Argued May 29, 1985.

Decided July 9, 1985.

---

Martha Dell Finlator, Washington, D.C., with whom Lois G. Williams and Gregory O'Duden, Washington, D.C., were on brief, for appellants.

Murray S. Horwitz, Atty., Dept. of Justice, Washington, D.C., with whom Joseph E. diGenova, U.S. Atty., Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup and Richard W. Perkins, Attys., Dept. of Justice, Washington, D.C., were on brief, for appellee.

Before GINSBURG and BORK, Circuit Judges, and McGOWAN, Senior Circuit Judge.

Opinion for the Court filed by Circuit Judge GINSBURG.

GINSBURG, Circuit Judge:

This is a case in which plaintiff-appellants have pursued successive actions in the district court raising the same legal issue. Under the rule of issue preclusion (collateral estoppel), we hold that the second attempt fails.

In the first action, Frank D. Ferris, Director of Negotiations for the National Treasury Employees Union (NTEU or Union), pursued a request under the Freedom of Information Act (FOIA) for release of documents by the Internal Revenue Service (IRS or Service). The documents sought were identified as Senior Executive Performance Objectives and Expectations (Form 6419) for the period 1980–1981. That FOIA request culminated in a final district court judgment ordering release of the documents *"except* for those portions ... which identify specific individual employees of the IRS." *Ferris v. Internal Revenue Service,* No. 81–0383 (D.D.C. Dec. 23, 1981) (Order accompanying Memorandum Opinion). The Union and Ferris did not appeal.

The second action was based on a subsequent FOIA request by Ferris for the same forms, this time, however, for the succeeding year, July 1, 1981, to June 30, 1982. The district judge, hearing cross motions for summary judgment, observed that he was being asked to consider "the same issue ... simply in a successive year." Transcript of June 19, 1984, Hearing at 14. He stated that another judge of the same court had already given the issue "her best consideration," and had "articulated the reasons she found the way she did." *Id.* Accordingly, he "follow[ed] her decision," *id.,* granted the IRS motion for summary judgment, and dismissed the case. *NTEU v. Egger,* No. 83–2650 (D.D.C. June 20, 1984). We affirm.

At oral argument, and in their initial briefs on appeal, both sides directed their attention to the merits. On its own motion, this court raised the question whether the prior adjudication of the identical legal is-

sue between the same contenders, and before another judge of the same district court, should preclude further contest. The NTEU suggested that the IRS had waived or abandoned the issue preclusion defense by raising it but then failing to press the objection in the district court, and by failing to raise the matter in the Service's answering brief on appeal. Counsel for the Service affirmed, in response to this court's inquiry, that the IRS wished to pursue the defense, and we gave both sides leave to file supplementary briefs addressed to the propriety of holding the Union precluded by the unappealed *Ferris* judgment.

■ Both sides have now aired their positions in two rounds of supplementary briefing. With the parties' supplementary presentations in hand, and with the records of the successive civil actions before us, we find this case an appropriate one for application of the general rule of issue preclusion: "When an issue of fact *or law* is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." RESTATEMENT (SECOND) OF JUDGMENTS § 27 (1982) (emphasis supplied); *see, e.g., United States v. Stauffer Chemical Co.,* 464 U.S. 165, 104 S.Ct. 575, 78 L.Ed.2d 388 (1984); *Montana v. United States,* 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979); *National Classifi-*

cation Committee v. ICC, No. 84–1195, 765 F.2d 164, 169–170 (D.C.Cir.1985).

First, we hold that the IRS has not relinquished the issue preclusion defense.[1] We set out initially the multiple references made in the district court to the impact of the prior adjudication. Following the answer, which raised "collateral estoppel" affirmatively, the parties submitted a joint stipulation which included a concise statement of the original case and the court's disposition of it. The IRS repeated the issue preclusion plea, albeit tersely, in briefing its summary judgment motion. Hardly indicating a belief that the defense had been dropped, the NTEU featured the matter in briefing a cross motion for summary judgment: the Union addressed two of its three main argument headings, and over ten pages of its submission, to the topics res judicata and collateral estoppel.[2] At the hearing on the summary judgment cross motions, counsel for the Service did not sharply separate his "binding effect" pleas. He ran together, as if part of one bundle, "a res-judicata-collateral-estoppel-stare-decisis argument." Transcript of June 19, 1984, Hearing at 8. Blurred as this presentation was, we do not regard the IRS as having withdrawn the affirmative defense crisply stated at the outset.

■ Next, we note that where a party properly pleads and does not waive a preclusion defense in the district court, a court of appeals may recognize and rule upon the defense even though the district court did not rule on the issue and the parties have not pressed it on appeal. *See LaRocca v. Gold,* 662 F.2d 144, 147–49 (2d Cir.1981);[3]

1. Issue preclusion is an affirmative defense. *See* FED.R.CIV.P. 8(c). It may be expressly waived, *see Chrysler Corp. v. United States,* 190 F.Supp. 412, 413–14 (E.D.Mich.1960), *aff'd per curiam,* 300 F.2d 154 (6th Cir.1962), or forfeited through failure to raise it at a proper time. *See* C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1394, at 872 (1969) ("A defense that has not been raised in a pleading, by motion, or at trial normally will be considered waived and cannot ... be heard for the first time on appeal."); *see also Southern Pac. Communications Co. v. American Tel. & Tel. Co.,* 740 F.2d 1011, 1018-20 (D.C.Cir.1984) (defendant moved to preclude only a single issue; preclusion of other issues waived). *But see Alyeska Pipeline Serv.*

Co. v. United States, 688 F.2d 765, 771, 231 Ct.Cl. 540 (1982) (appellate court may raise preclusion on its own motion in case involving claim splitting), *cert. denied,* 461 U.S. 943, 103 S.Ct. 2120, 77 L.Ed.2d 1301 (1983).

2. The NTEU raised before this court an argument against preclusion that it did not tender in briefing the issue for the district court. *See infra* note 6.

3. *LaRocca* involved a priest-lawyer's claims of constitutional right to wear his clerical collar during trials. His position had been rejected in prior New York state court judgments. In his subsequent federal civil rights suit, the district

*cf. Walsh v. International Longshore-men's Association*, 630 F.2d 864 (1st Cir. 1980).[4] There is, after all, an important judicial concern at stake. As stated by a celebrated authority: "Courts today are having difficulty giving a litigant one day in court. To allow that litigant a second day is a luxury that cannot be afforded." C. WRIGHT, LAW OF FEDERAL COURTS 678 (4th ed. 1983); *see also Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 401, 101 S.Ct. 2424, 2429, 69 L.Ed.2d 103 (1981) ("today's crowded dockets" render need for adherence to preclusion principles "even more compelling").[5]

Turning to the preclusion doctrine we hold controlling, we recognize that the general rules admit exceptions and that there is more leeway for exceptions as to issue preclusion than as to claim preclusion (res judicata). *Compare* RESTATEMENT (SECOND)

OF JUDGMENTS § 26 *with id.* § 28. Also, there may be more room for a second look when the issue is one of law than when a fact question is at stake. *See id.* § 28(2). The case at hand, however, does not fit within any sensible exception. The Union and Ferris chose to pass up the opportunity they had to appeal to this court from the judgment entered in the first action. *Cf. Federated Department Stores, supra* (holding parties to consequences of failure to appeal a final judgment).[6] There has been no change favorable to the Union in the legal climate; the FOIA requests in the two actions are identical except for the year involved;[7] the same courts and the same procedures are implicated; no overriding public concern warrants allowing the Union to start over; and the continuing character of the Union's interest was foreseeable at the time of the initial action.

---

court ruled against him on the merits, although the defendants had pleaded and argued collateral estoppel. On appeal, the parties sought a merits determination. The Second Circuit said, "We must decline the invitation to decide this issue for the reason that appellant ... is barred by the doctrine of collateral estoppel...." 662 F.2d at 148.

4. In *Walsh,* the Southern District of Texas ruled against the NLRB in a § 10(*l*) proceeding (one seeking a status-preserving injunction upon showing reasonable cause to believe a violation has occurred) brought against the International Longshoremen's Association (ILA) for refusing to handle Russian-shipped goods after the 1979 invasion of Afghanistan. The Board pursued a similar § 10(*l*) proceeding in Boston. The Massachusetts district court rejected ILA's preclusion argument, but ruled on the merits that there was no reasonable cause. On appeal, neither party raised preclusion. 630 F.2d at 867. "However, since it appeared that the doctrine might be dispositive of the case, [the First Circuit] ordered the parties to submit supplementary briefs on the issue." The appellate court then held "that this action is barred by the decision of the district court" in Texas. *Id.*

5. The semblance of judge shopping in the court of first instance is also a concern when a litigant discontinues a fray, only to start over again on another day.

6. In its supplementary presentation to this court, the NTEU asserts, for the first time, that it failed to realize the extent to which sanitization would make the documents unusable until the IRS forwarded the redacted forms to the Union, some three and one-half months after

the *Ferris* decision, too late to appeal. Supplemental Brief for the Appellants at 3–4, 7, 18–19. Indeed, the NTEU suggests that the district judge in *Ferris,* who had not "ever actually view[ed] the documents," *id.* at 3, "had to be under the mistaken impression that the documents would still be meaningful after they were sanitized." *Id.* at 19 n. 6; *see also* Supplemental Response Brief for the Appellants at 7 (had district judge in *Ferris* seen the documents as redacted, "it is likely, if not inevitable that [the court's] analysis of the legal question would have been affected").

The Union's alleged miscalculation about how it fared in *Ferris* does not persuasively demonstrate that it lacked cause or opportunity to file a notice of appeal. The *Vaughn* index (*Vaughn v. Rosen,* 484 F.2d 820 (D.C.Cir.1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974)) furnished to the district court and the NTEU detailed the kinds of information later redacted, and the Union does not claim that the IRS deletions failed to accord with that index. Had the NTEU moved for relief from the *Ferris* judgment after it received the documents, the Union might have tested the belief it now asserts that the district judge, "like NTEU," *id.,* harbored a "mistaken impression." *See* FED.R. CIV.P. 60(b)(1) (motion for relief from judgment for mistake, inadvertence, surprise, or excusable neglect).

7. The parties stipulated that the information deleted by the IRS in this case was the "same kind" ordered deleted in *Ferris. Cf. Berlitz Schools of Languages v. Everest House,* 619 F.2d 211 (2d Cir.1980) (factual differences found insufficient to justify relitigating mixed question of fact and law).

*See* RESTATEMENT (SECOND) OF JUDGMENTS § 28(1)–(5); *cf. id.* § 27 comment c, illustration 6 & reporter's note at 265–66 (indicating, inter alia, that even in fields such as customs and tax it is today inappropriate to deny preclusive effect through mechanical application of fact identity test).

In sum, the Union and Ferris had a fair opportunity to present the contention they would air again; they did not avail themselves of the right to appeal from the judgment in the first action; they are not entitled to a second judgment on the merits of the issue they wish to reargue.

*Affirmed.*