907 F.2d 190
 134 L.R.R.M. (BNA) 2690, 285 U.S.App.D.C. 120
 NATIONAL POST OFFICE MAIL HANDLERS, WATCHMEN, MESSENGERS,
AND GROUP LEADERS DIVISION OF the LABORERS'
INTERNATIONAL UNION OF NORTH AMERICA,
AFL-CIO, et al.
v.
AMERICAN POSTAL WORKERS UNION, AFL-CIO, et al.
 Nos. 89-5272, 89-5273.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued March 22, 1990.
Decided July 3, 1990.
 
 Appeal from the United States District Court for the District of Columbia (Civil Action No. 88-01697).
 Darryl J. Anderson, Washington, D.C., for appellant.
 Orrin Baird, Washington, D.C., for appellee Mail Handlers, Watchmen, Messengers, and Group Leaders Div. of Laborers' Intern. Union of North America, AFL-CIO.
 Kevin B. Rachel, Atty., U.S. Postal Service, with whom Edward F. Ward, Jr., Asst. Gen. Counsel, U.S. Postal Service, Jay B. Stephens, U.S. Atty., John D. Bates, R. Craig Lawrence, and John C. Cleary, Asst. U.S. Attys., were on the brief for appellee U.S. Postal Service.
 Before MIKVA and D.H. GINSBURG, Circuit Judges, and GESELL,* District Judge.
 Opinion for the Court filed by Circuit Judge D.H. GINSBURG.
 D.H. GINSBURG, Circuit Judge:
 
 
 1
 Appellant American Postal Workers Union, AFL-CIO (APWU) represents clerks, and appellee National Post Office Mail Handlers, Watchmen, Messengers and Group Leaders Division, Laborers' International Union of North America, AFL-CIO (Mail Handlers Union) represents mailhandlers, employed by appellee United States Postal Service (USPS). The issue in this case is whether Sec. 1208(b) of the Postal Reorganization Act, 39 U.S.C. Sec. 1208(b), authorizes the district court to order the APWU to submit to tripartite arbitration, with the Mail Handlers and the USPS, of its jurisdictional grievances against the USPS under a collective bargaining agreement (CBA) that provides only for two-party arbitration. Because we find that the APWU is precluded from relitigating this issue, which was resolved against it by the Ninth Circuit in an indistinguishable case, we affirm without reaching the merits.
 
 I. BACKGROUND
 
 2
 The APWU filed two jurisdictional grievances with the USPS. Each protests a USPS decision to assign certain types of work to employees represented by the Mail Handlers, rather than to employees represented by the APWU; one arises from Dubuque, Iowa, the other from Milwaukee, Wisconsin.
 
 
 3
 Until 1981, the two unions negotiated jointly with the USPS and were parties to the same CBA, which expressly provided for tripartite arbitration of jurisdictional disputes. Since 1981, however, the two unions have bargained separately, and the resulting contracts, which do provide for arbitration of grievances, make no provision for tripartite arbitration. Even so, the parties have consented to tripartite arbitration of some of the jurisdictional grievance cases that have arisen under these contracts.
 
 
 4
 In the two grievances at issue here, however, the APWU objected to the Mail Handlers' attempts to intervene in arbitrations that the APWU had initiated. When the arbitrators held that they had no authority, under the APWU's CBA, to order a tripartite arbitration, the Mail Handlers went to the district court here in the District of Columbia in order to compel the APWU (and the USPS) to accept such an arrangement.
 
 
 5
 The USPS admitted all of the allegations of the Mail Handlers' complaint, and cross-claimed against the APWU for the same relief, asserting that the APWU's claim is collaterally estopped by a decision of the District Court for the Northern District of California. The D.C. district court noted that the parties to that case were identical and the motions before it "nearly identical" to those decided in the California district court, but it did not address the USPS's claim of collateral estoppel. Cf. 18 WRIGHT, MILLER & COOPER, FEDERAL PRACTICE & PROCEDURE Sec. 4433, at 305-12 & n. 8 (1981) (federal rule is to grant preclusive effect to final judgment even when appeal is pending).
 
 
 6
 Instead, the district court ruled on the merits, holding that although the relevant CBA contemplates only two-party arbitration, the court has authority to order tripartite arbitration under Sec. 1208(b) of the Postal Reorganization Act. That statute provides:
 
 
 7
 Suits for violation of contracts between the Postal Service and a labor organization representing Postal Service employees, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy.
 
 
 8
 39 U.S.C. Sec. 1208(b). The district court discerned its authority by analogy to cases interpreting Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185, which is identical to Sec. 1208 except that it applies not to labor contracts concerning postal employees but to "contracts between an employer and labor organization in an industry affecting commerce."
 
 
 9
 The APWU appealed. After it had filed its opening brief, but before the appellees had filed their answering briefs, the Ninth Circuit affirmed the California district court decision compelling tripartite arbitration on the authority of the Postal Reorganization Act. United States Postal Serv. v. American Postal Workers Union, AFL-CIO, 893 F.2d 1117 (9th Cir.1990). The USPS therefore adhered to its position that the APWU is collaterally estopped from pursuing this appeal. Unfortunately, the APWU did not file a reply brief, but relied solely upon oral argument to join issue on the question of collateral estoppel. As we understand it, the APWU also argues that even if it is collaterally estopped on the issue of tripartite arbitrability, the court should defer to the arbitrator's determination of whether tripartite arbitration is desirable in a particular case.
 
 II. ANALYSIS
 
 10
 The doctrine of issue preclusion, commonly invoked under the less precise heading of collateral estoppel, bars a party from relitigating an issue of fact or of law that was actually litigated and necessarily decided, by a final disposition on the merits, in a previous litigation between the same parties. National Treasury Employees Union v. IRS, 765 F.2d 1174, 1176 (D.C.Cir.1985). The legal issue decided by the district court in California, as affirmed by the Ninth Circuit--"whether a district court may order parties to submit a dispute to tripartite arbitration despite their contractual agreements which provide only for bipartite arbitration," 893 F.2d at 1118--is precisely the issue that the APWU appeals here. The Ninth Circuit's decision is a final disposition on the merits, involving the same three parties before the court in this case, interpreting the same CBA that we are asked to interpret. That the particular facts of the underlying jurisdictional disputes differ is of no significance: the legal issue is the same one, and it has already been resolved by our sister circuit in the West.
 
 
 11
 The APWU makes three arguments against precluding it from litigating this case notwithstanding the Ninth Circuit's decision. None of them is persuasive.
 
 A. Mail Handlers' Cause of Action
 
 12
 The APWU argues first from the premise that because the Mail Handlers Union is not a party to the CBA between the APWU and the USPS, and because it has no contract of its own with the APWU, the Mail Handlers Union can have, and has, no cause of action under Sec. 1208. From this it reasons that the court lacks jurisdiction over the Mail Handlers' claims against the APWU and the USPS. APWU concedes that the USPS's cross-claim against it is viable, but contends that there is no actual case or controversy between the USPS and the Mail Handlers because the USPS, which has not taken the work away from the Mail Handlers, has given the union no cause for filing a grievance. Thus, we are told, the court properly has before it only the dispute between the APWU and the USPS (which also seeks to compel tripartite arbitration), and that dispute does not present the issue decided by the Ninth Circuit, which counsel states as "whether, in a suit by the employer against two unions, which under separate collective bargaining agreements assert a claim ... to an interest in the same jobs, ... the court should order tripartite arbitration at the behest of the plaintiff employer." In order to accept the premise of this argument, however, we would have to hold that Sec. 1208 does not enable a non-party union to compel tripartite arbitration under a CBA that provides only for two-party arbitration. In effect, however, that would require us to resolve the merits of the case already decided by the Ninth Circuit.
 
 
 13
 The Ninth Circuit, while noting that "[t]he Mail Handlers could not actually invoke the arbitration procedures under its agreement until the work was taken from its jurisdiction," held that "the Mail Handlers' attempt to intervene in the arbitration was essentially an invocation of its agreement with the USPS." 893 F.2d at 1121. The USPS, of course, had a contractual relationship with each of the unions it sued in the Ninth Circuit, whereas the plaintiff Mail Handlers Union has no contractual relationship with the defendant APWU. In this case, however, the USPS filed a cross-claim against co-defendant APWU for the same relief that the Mail Handlers sought. The result is that, as a practical matter, the alignment of parties and of issues is no different here than it was in the Ninth Circuit.
 
 
 14
 In these circumstances, for us to hold that the Mail Handlers Union may not sue for tripartite arbitration, for want of a cause of action, would squarely conflict with the Ninth Circuit's holding that the separate CBAs between the two unions and the USPS together supply "the requisite contractual nexus ... [because] all of the parties have agreed to the arbitration of the merits" of their jurisdictional grievances under the Postal Reorganization Act. Id. at 1120. That holding is binding upon the parties in this case, and the APWU's "jurisdictional" objection is therefore not cognizable.
 
 
 15
 B. Exception to Issue Preclusion for Unmixed Questions of Law
 
 
 16
 Citing United States v. Stauffer Chemical Co., 464 U.S. 165, 104 S.Ct. 575, 78 L.Ed.2d 388 (1984), the APWU next contends that it comes within an exception to the doctrine of issue preclusion where "different courts of appeals have different substantive rules." Specifically, the APWU argues that the Ninth Circuit's decision was based upon that court's concern for the possibility of conflicting arbitration awards, 893 F.2d at 1121 (citing Louisiana-Pacific Corp. v. International Board of Elec. Workers, 600 F.2d 219 (9th Cir.1979)), whereas in this circuit, the possibility of inconsistent awards is not a sufficient reason to deny two-party arbitration. See In re District No. 1--Pacific Coast District, Marine Engineers' Beneficial Ass'n, 723 F.2d 70, 78 (D.C.Cir.1983). We are by no means convinced, however, that the Ninth Circuit's holding turns upon the peculiarities of the Louisiana-Pacific case, in which that court held only that an employer that fails to seek judicial intervention before two arbitrators render conflicting awards is bound by both of them.
 
 
 17
 In USPS v. APWU, the Ninth Circuit listed three "factors" that a district court must consider in order "to ensure that tripartite arbitration is a suitable remedy for the actual case before it," 893 F.2d at 1120, and found that all three factors favored ordering tripartite arbitration in the case before it. It then went on to observe that that remedy was also "practicable, economical, convenient, and fair" because:
 
 
 18
 It not only avoids duplication of effort, but also avoids the possibility of conflicting awards.... In [the Ninth] circuit, the possibility of conflicting awards is a serious threat because of our decision in Louisiana-Pacific.... Parties must request court intervention before receiving conflicting awards, otherwise the conflicting awards will stand....
 
 
 19
 Id. at 1121. Far from one of the critical "factors" in the Ninth Circuit's analysis, the possibility of conflicting awards seems to have been more of an afterthought. That is hardly surprising, however, for as the court recognized, an employer can avoid that possibility merely by seeking judicial relief in a timely fashion.
 
 
 20
 In any event, the exception to issue preclusion for which the APWU contends is not applicable here, regardless of whether there is any difference in the substantive law of the two circuits. The exception noted in Stauffer applies only when the issue involves " 'unmixed questions of law' arising in 'successive actions involving unrelated subject matter.' " 464 U.S. at 171, 104 S.Ct. at 579 (quoting Montana v. United States, 440 U.S. 147, 162, 99 S.Ct. 970, 978, 59 L.Ed.2d 210 (1979)). The subsequent case must be "so unrelated to the prior case that relitigation of the issue is warranted." Id. Thus, in Stauffer itself, the Court refused to apply the exception to allow relitigation "with the same party [of] an issue arising in both cases from virtually identical facts." Id. at 172, 104 S.Ct. at 579. So, too, in this case, where the parties, the issue, and the relevant facts are identical to those before the Ninth Circuit.
 
 
 21
 At bottom, the APWU's assertion that the Ninth Circuit's decision rests upon a precedent that this circuit has not adopted is just another way of saying that the Ninth Circuit's decision is wrong. The doctrine of issue preclusion counsels us against reaching the merits in this case, however, regardless of whether we would reject or accept our sister circuit's position.
 
 C. Suitability of Tripartite Arbitration
 
 22
 Appellant's last argument is that even "if the court is going to apply the Ninth Circuit's holding" to this case, that court's decision would lead to a different result in this case because it rested upon deference to the arbitrator's opinion. As with the Louisiana-Pacific point, it is not clear whether the arbitrator's views were important, because they were not among the three factors upon which the court expressly rested its decision. To be sure, the court did add that "the conclusions of the arbitrator should be considered," noting that although he denied intervention, he "expressed his view that tripartite arbitration would be appropriate," i.e., "fair" and "sensible." 893 F.2d at 1121.
 
 
 23
 If the Ninth Circuit did rely upon the arbitrator's views, we think it was only with regard to the practical desirability of arbitration, and not, contrary to the APWU, with regard to the issue of law before it. And the arbitrator's practical opinion, if relevant, is not a point of distinction from this case. In one of the proceedings before us the arbitrator stated that "resolution of the conflict ... would be greatly facilitated" by tripartite arbitration, and in the other the arbitrator commented on the "intrinsic merit of tripartite arbitration," noting that "[i]t is economical, time saving, practical and convenient." Accordingly, deferring to the arbitrator would not alter the outcome of this case.
 
 III. CONCLUSION
 
 24
 For the foregoing reasons, we hold that the APWU is precluded from litigating the issue presented in this case. We express no view whatsoever upon the merits of the case, which have been definitively resolved by the Ninth Circuit. Accordingly, the decision of the district court is
 
 
 25
 Affirmed.
 
 
 
 *
 Of the United States District Court for the District of Columbia, sitting by designation pursuant to Title 28 U.S.C. Sec. 292(a)