## YAMAHA CORPORATION OF AMERICA, Plaintiff,

v.

## The UNITED STATES of America, et al., Defendants.

### Civ. A. No. 89-1431 (HHG).

United States District Court, District of Columbia.

Sept. 14, 1990.

Robert E. Wagner, Linda A. Kuczma, James J. Jagoda, Wallenstein, Wagner & Hattis, Ltd., Chicago, Ill., William T. Bullinger, Sheldon H. Klein, Cushman, Darby & Cushman, Washington, D.C. (David Lu, Corporate Legal Counsel, Yamaha Corp. of America, Buena Park, Cal., of counsel), for plaintiff.

Jay B. Stephens, U.S. Atty., John D. Bates and Daniel J. Standish, Asst. U.S. Attys., Washington, D.C. (Alfonso Robles, U.S. Customs Service, U.S. Dept. of Treasury, of counsel), for defendants.

## MEMORANDUM AND ORDER

HAROLD H. GREENE, District Judge.

Before the Court is defendants' renewed motion to dismiss or in the alternative for summary judgment. The defendants assert that plaintiff is collaterally estopped from raising the one remaining issue in this case because plaintiff raised and lost that issue in other litigation. For the reasons stated below, the motion is granted.

### I

Yamaha Corporation of America (Yamaha America) is a wholly owned subsidiary of Yamaha Corporation, a Japanese company (Yamaha Japan). Certain importers, known as gray marketeers, buy electronic products manufactured abroad by Yamaha Japan and sell them in this country without consent from Yamaha America. This action seeks to force the United States Customs Service to issue an order prohibiting the importation of these products.

In its Memorandum and Order of January 11, 1990, this Court dismissed the majority of plaintiff's claims, but left one issue unresolved because neither party had explicitly briefed it. That issue is whether the products in question fall within the "materially different" exception of *Lever Bros Co. v. United States*, 877 F.2d 101 (D.C.Cir.1989) (*"Lever Bros.*) and, if so, whether the plaintiff is estopped from raising that issue by the decision in *Yamaha Corp. of America v. ABC Int'l Traders Corp.*, 703 F.Supp. 1398 (C.D.Cal.1988) (*ABC*). It is to the collateral estoppel issue that the Court now turns because it is potentially dispositive.

On December 28, 1987, Yamaha–America filed an amended complaint against ABC International Traders Corp., an importer and distributer of electronic instruments and sound equipment manufactured by Yamaha Japan. *See ABC*, 703 F.Supp. at 1400. Yamaha–America alleged, *inter alia*, that the importation of goods bearing the Yamaha trademark without its approval violated the Tariff Act of 1930, § 526, 19 U.S.C. § 1526 and the Lanham Act, § 42,

15 U.S.C. § 1124. *Id.* ABC moved for partial summary judgment on the Lanham and Tariff Act claims.

The Court granted the motion, concluding that the goods sold by ABC were genuine since they had been manufactured by Yamaha Japan.[1] 703 F.Supp. at 1400. Since the products were genuine, the trademark was valid, and its use, therefore, did not violate either the Lanham Act. *Id.* at 1404. The Court further concluded "Yamaha had not met its burden of establishing that a genuine issue of fact exists as to the consumer confusion as to the source or sponsorship.... Yamaha–America has submitted no evidence that the sales of Yamaha products by ABC creates confusion in the minds of consumers as to the source of sponsorship of the products sold by ABC." Yamaha America then moved the court to amend its partial summary judgment to include a final judgment as to fewer than all the claims at issue in the suit. The court denied the motion, and Yamaha moved for reconsideration of that denial.[2]

Just as Yamaha does here, the motion for reconsideration asserts that physical differences between its products and those manufactured by Yamaha Japan and sold in this country by gray marketeers entitled it to relief under federal trademark laws.[3] The physical differences alleged in *ABC* are virtually identical to those alleged in the instant action. Yamaha America, through the same counsel as in this case, specifically pointed to the dual voltage switch, the absence of Underwriters Labo-

ratory Approval, the absence of electromagnetic shielding and the difference in plugs. *See* Memorandum of Points and Authorities in Support of Motion to Reconsider Order of February 7, 1989 at 15–16. (*ABC* Mem.) The company pointed to the existence of warranty, training and education services in connection with the products it sells. *Id.* at 17. Moreover, it argued that

> While the [gray market] products Defendants sell may be made by Yamaha Japan, this alone does not establish that the products are "genuine". In facts, such products cannot be "genuine" because they are physically different from the products sold [by Yamaha America] and do not valid bear [Yamaha America's] trademark.

*Id.* at 18. It further contended that these differences "had a great deal of trademark significance", Reply Memorandum in Support of Motion to Reconsider Order of February 7, 1989 at 5 (*ABC* Reply), and that because the products are "physically different from those sold by [Yamaha America, the products] are not genuine even if they are manufactured by the same manufacture." *ABC* Reply Brief at 3. *See also* *ABC* Mem. at 18 ("such products cannot be 'genuine' because they are physically different from the products sold by Plaintiffs"). ABC responded that "the present motion [for reconsideration] repeats the genuineness argument for the ninth time ... not counting the numerous times these same facts have been presented in oral argument before the court. Memorandum

---

1. The Court concluded that

   There is no triable issue of fact as to either the genuiness of the goods sold by ABC or the possibility of consumer confusion. First Yamaha alleged in its complaint that ABC was selling goods *made by Yamaha Japan*. This constitutes a judicial admission by Yamaha–America that the products sold by ABC are genuine Yamahas.

   *Id.* at 1401 (emphasis in original) (parenthetical note omitted).

2. The instant defendants have placed in the record of this case Yamaha America's memorandum of support of motion for reconsideration in *ABC*, ABC's opposition to that motion and Yamaha America's reply, as well as a portion of Yamaha America's appeal brief to the

Court of Appeals for the Ninth Circuit. Yamaha America has filed in the record of this case the *ABC* court's order denying the motion for reconsideration.

3. Indeed, Yamaha America asserted that it had argued "[t]hroughout this litigation" that the Yamaha products imported and sold by ABC, while genuine in the sense that they were made by Yamaha Japan, are not the same as those sold by Yamaha America. Memorandum of Points and Authorities in Support of Motion to Reconsider [*ABC*] Order of February 7, 1989 at 12–13. The lack of sameness is said to result from physical differences between the products sold by ABC and those sold by Yamaha America. *Id.* at 13.

736

in Opposition to Motion for Reconsideration at 5. *See also id.* at 4–5 (listing each of the filings in which Yamaha America raised the genuineness argument).

The *ABC* court rejected Yamaha America's arguments and denied the motion after "having read and considered the papers in support of and in opposition to the motion". Order of March 29, 1989. Yamaha America filed the instant action less than two months later, on May 17, 1989.[4]

## II

Collateral estoppel prevents the relitigation of issues where (1) the same issues were litigated, that is, contested by the parties and submitted for determination by the court, and (2) the issues were actually and necessarily determined by a court of competent jurisdiction. *McLaughlin v. Bradlee*, 803 F.2d 1197, 1201 (D.C.Cir. 1986). *See also Synanon Church v. United States*, 820 F.2d 421, 424 (D.C.Cir.1987); *Otherson v. Dep't of Justice*, 711 F.2d 267, 273 (D.C.Cir.1983).

The pleadings in *ABC* demonstrate that Yamaha America advanced the "physical difference" argument in *ABC;* that issue was disputed; and that the Court resolved it against Yamaha America. In both *ABC* and this case, Yamaha America argued that the trademark laws entitled it to exclude Yamaha products manufactured by Yamaha Japan and imported without its consent. In both cases, it asserted that this conclusion is warranted because the gray market goods are physically different from those it sells. And in both cases, it relied on virtually the same physical differences.

The *ABC* Court stated that it had read and considered all of Yamaha America's arguments and rejected them as a basis for relief. Given the emphasis that Yamaha America placed on the physical differences claim,[5] it cannot reasonably be argued that the *ABC* court overlooked the issue, and,

indeed, Yamaha America asserts that it did not. In its appeal of the *ABC* decision, Yamaha America argued that

> [t]he District Court's failure to recognize the significance of product differences mandates the reversal of the summary judgment orders and remand for a new trial.

App. Brief at 25. *See also id.* at 24 ("Yamaha strenuously disputes the Court's assumption that all 'Yamaha' goods manufactured by [Yamaha Japan] are the same throughout the world."); *id.* ("District Court *necessarily* ... erroneous[ly] assum[ed] ... that goods bearing marks identical to the "Yamaha" marks are the same throughout the world") (emphasis added); *id.* at 25 ("the record shows that the "Yamaha" goods sold by ABC are physically different from those sold by Yamaha. Such physical differences present material issues of fact that preclude a summary determination at this point.")

In its *ABC* motion for reconsideration, Yamaha America also alleged that the court had "failed to consider certain facts presented to it" and recited the physical differences between its products and the gray market goods. Yamaha America then proceeded to argue that the presence of such facts entitled it to relief under the trademark laws, and it asked the court to reverse prior ruling on these grounds. The *ABC* court could not have denied Yamaha America's motion without rejecting the contention that it failed to consider Yamaha America's arguments concerning physical differences.

Yahama America maintains that another explanation of the *ABC* decision is possible. It suggests, without explanation, that the *ABC* court might have concluded that Yamaha America failed to introduce sufficient evidence as to the physical differences to create a genuine issue of fact or law. Even if that assertion were true, the result would be the same. "Once a plaintiff has had a chance to prove a fact, he cannot

4. Yamaha also has an action pending in the District Court for the Southern District of New York against a so-called gray market importer. *Yamaha Corp. of America v. Central Ventures, et al.*, 86 Civ. 9495 (JFK).

5. The argument filled seven pages in the motion for reconsideration and four pages in the reply brief.

reopen the matter by stating that he wishes to introduce more or better evidence." *Pigons S.A. de Mecanique v. Polaroid Corp.*, 701 F.2d 1, 2 (1st Cir.1983). *See also McLaughlin v. Bradlee*, 803 F.2d 1197, 1204 (D.C.Cir.1986). As the Court of Appeals for the Tenth Circuit explained

> If [a party's] case was not effectively presented at the first trial it was their fault; affording them a second opportunity in which to litigate the matter with the benefit of hindsight, would contravene the very principles upon which collateral estoppel is based and should not be allowed.

*Jones v. United States*, 466 F.2d 131, 136 (10th Cir.1972). This applies with double strength where—as here—the plaintiff had ample opportunity to cure any defects in its case in its motion for reconsideration.[6] That motion, in fact, also raised the physical differences claim by way of argument and through affidavits attesting to the existence of these differences. *See* Reply at 3–5 (discussing physical differences attested to in declarations filed under seal).

Yamaha America implies that even if it is estopped from raising the material differences exception on its Lanham Act claim, it is not estopped from raising that argument in connection with the Tariff Act. The claim misses the point. Collateral estoppel bars Yamaha from raising the "material differences" argument in connection with either the Tariff or Lanham Acts, since it is essentially the same as applied to both statutes. Furthermore, in *ABC*, Yamaha pressed both the Tariff and Lanham Act claims, and the court rejected both. Thus, Yamaha America's "material differences" argument here in connection with the Tariff Act does "little more than embellish [its] previous arguments." *McLaughlin*, 803

F.2d at 1204. *See also Pigons S.A. de Mecanique*, 701 F.2d at 2; *Jones*, 466 F.2d at 136.

Yamaha America also suggests that collateral estoppel should not be applied in this case because it involves any Yamaha product imported by a third party without Yamaha America's consent while the *ABC* case involved only ABC's goods. This argument, too, is not well taken. *ABC* resolved the legal question of whether physical differences in gray market products place them within the umbrella of the federal trademark laws, and that is the issue Yamaha America is estopped from rearguing. Thus, it is of no significance that *ABC* applied to one gray marketeer while this action applies to all gray marketeers. *See McLaughlin*, 803 F.2d at 1204–05 ("little good and much harm can come from allowing a determined plaintiff to retry the same issues in exhausting fashion against successive defendants"). Furthermore, Yamaha America fails to argue that the distinction changes the evidence it would tender to this Court. Indeed, the record in this case establishes only ABC as an importer of goods they market.[7]

Yamaha America next asserts the *ABC* court "made up its mind" and gave its arguments "short shrift" without "carefully consider Yamaha American's Motion". There is no support for these assertions, and the *ABC* court's decision states that it read the filings and considered them carefully, and of course, neither the brevity nor the speed of a decision constitutes a basis for avoiding collateral estoppel.

Yamaha America also complains that it would be unfair to preclude it from taking advantage of the Court of Appeals' tentative holding in *Lever Bros*. It argues that

---

**6.** Likewise, Yamaha's claim that the *ABC* court never considered the physical differences claim is refuted by the court's decision, which stated, in part, that "Yamaha had not met its burden of establishing that a genuine issue of fact exists as to the consumer confusion as to the source or sponsorship.... Yamaha–America has submitted no evidence that the sales of Yamaha products by ABC creates confusion in the minds of consumers as to the source of sponsorship of the products sold by ABC." *ABC*, 703 F.Supp. at 1404. For the same reason, there is no merit to

Yamaha's assertion that the *ABC* court did not consider the physical differences argument in relation to the Lanham Act. The above-quoted material appears in a section of the decision entitled "The Lanham Act Violations" which explains why Yamaha's Lanham Act claims must be dismissed. *Id.* at 1404.

**7.** *See* Dep. of Kenneth Findlay at 20; Dep. of Arthur Rosen at 23.

it should be entitled to take advantage of a split in the circuits if it loses in the first jurisdiction in which makes its arguments. The argument smacks of the very forum shopping that collateral estoppel was designed to preclude. *National Treasury Employees Union v. IRS*, 765 F.2d 1174, 1177 (D.C.Cir.1985.) Yamaha America also suggests that if this Court estops it from making its arguments in this case, it effectively would be following a precedent that is contrary to the law of this Circuit. The Court of Appeals recently rejected the same argument, noting that collateral estoppel prevents a court from ever reaching the merits:

> At bottom [appellant's] assertion that the Ninth Circuit's decision rests upon a precedent that this circuit has not adopted is just another way of saying that the Ninth Circuit's decision is wrong. The doctrine of issue preclusion counsel us against reaching the merits in this case, however, regardless of whether we would reject or accept our sister circuit's position.

*National Post Office Mail Handlers, Watchmen, Messengers, and Group Leaders Division of the Laborers' International Union of North American, AFL–CIO v. American Postal Workers Union*, 907 F.2d 190, 194 (D.C.Cir.1990).

Yamaha America next suggests that since this Court earlier could have, but did not dismiss other claims in this case on collateral estoppel grounds, it cannot do so now. That claim is based on the fact that this Court's Memorandum and Order of January 11, 1990 reached the merits, instead of resolving them on collateral estoppel grounds. The motion for reconsideration in *ABC*, however, was not part of the record of this case as of January 11, 1990. The Court obviously could not dispose of an issue based on something of which it was unaware and which was not part of the record. In any event, it clearly is not the law that if the Court fails to dispose of one issue on collateral estoppel grounds, it is prevented from doing so with other issues.

Yamaha America next maintains that because of genuine factual disputes, summary judgment is inappropriate. In the first place, its Statement of Issues in Dispute does not meet the requirements of Local Rule 108(h) inasmuch as it cites only to voluminous exhibits as opposed to specific citations to the record. Second, the issues are legal; they focus on the meaning of the *ABC* decision. Interpretation of decisions is obviously a question of law.

Finally, Yamaha America places heavy reliance on *American Medical Int'l Inc. v. Secretary of HEW*, 677 F.2d 118 (D.C.Cir. 1981). In the first place, the Court of Appeals for this Circuit has interpreted *American Medical* as applying only to offensive collateral estoppel. *Securities Industries Assoc. v. Board of Governors*, 900 F.2d 360, 364 n. 7 (D.C.Cir.1990). The instant case involved defensive collateral estoppel. Second, the concerns underlying *American Medical* are inapplicable here. *American Medical* focused on judicial concerns about permitting the first court to decide an issue of national significance to bind all courts and thus cut off further debate. In this case, the dispositive issue has been resolved by the Court of Appeals for this Circuit, *see Lever Bros.*, and, there is thus no possibility that the *ABC* decision could prevent it from ever deciding this issue.

In short, Yamaha America's effort to relitigate this issue in this Court represents nothing more than garden variety forum shopping. *Securities Industries Assoc.*, 900 F.2d at 364. Society's interest in "conserv[ing] judicial resources ... and foster[ing] reliance of judicial action by minimizing the possibility of inconsistent decisions" bars Yamaha from pressing those claims in a new forum. *Montana v. United States*, 440 U.S. 147, 153–54, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979).

ORDERED That defendants' motion to dismiss or in the alternative for summary judgment be and it is hereby granted, and it is further

ORDERED That the complaint be and it is hereby dismissed.